United States District Court
Southern District of Texas
**ENTERED**
November 13, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| ELMER WAYNE HENLEY, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:22-CV-00111 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Elmer Wayne Henley, Jr. ("Petitioner"), proceeding *pro se*, is a Texas Department of Criminal Justice (TDCJ) inmate currently incarcerated at the Stiles Unit in Beaumont, Texas. *See* Doc. No. 8. Petitioner has filed this 28 U.S.C. § 2254 habeas petition against Bobby Lumpkin ("Respondent"), challenging his 1979 convictions of six counts of murder. (Doc. No. 1, p. 1.) Respondent filed a motion to dismiss Petitioner's action on timeliness grounds (Doc. No. 14), and Petitioner timely responded. (Doc. No. 17.) This case, including Respondent's motion to dismiss (Doc. No. 14), has been referred to the undersigned for pretrial case management. For the reasons discussed below, the undersigned recommends that Respondent's motion to dismiss be GRANTED and that Petitioner's action be DISMISSED with prejudice as time-barred. Additionally, the undersigned recommends that a certificate of appealability be DENIED.

**A. Jurisdiction.**

This Court has jurisdiction over this habeas petition pursuant to 28 U.S.C. § 1331. A habeas action may be filed either in the district in which the petitioner is in custody or in the

district in which the petitioner was convicted and sentenced.  28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).  In this case, Petitioner was convicted in the 148th District Court of Nueces County, Texas.  (Doc. No. 1, p. 1.)  Nueces County is located in the Corpus Christi Division of the Southern District of Texas.  *See* 28 U.S.C. § 124(b)(6).  Thus, this matter is properly before this Court.

### B.  Background.

#### 1.  Petitioner is convicted in state court.  His conviction is affirmed on direct appeal, and the state courts reject his habeas claims.

In 1979, Petitioner was convicted, contrary to his pleas, of committing six murders with malice aforethought.  *See* Doc. No. 1, p. 3; *see Henley v. State*, 644 S.W.2d 950 (Tex. Ct. App.—Edinburg 1982).  He was sentenced on July 11, 1979 and received concurrent sentences of imprisonment for life.  (Doc. No. 13-32, p. 11.)[1]

Petitioner appealed his conviction to Texas' 13th Court of Appeals.  That court affirmed his convictions and sentences on September 16, 1982.  *Henley*, 644 S.W.2d at 959.  The Texas Court of Criminal Appeals refused, on December 22, 1982, to grant discretionary review of Petitioner's case.  *See id.* at 950.  Petitioner apparently did not seek certiorari in the United States Supreme Court, so his conviction became final 90 days later, on March 22, 1983.  28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Sup. Ct. R. 13.1.

On May 29, 2019, Petitioner signed a state habeas petition attacking his convictions; that petition was filed by the Bexar County District Clerk on June 7, 2019.  *See* Doc. No. 13-1, pp. 4-26.  With regard to each of his convictions, Petitioner alleged that the trial court lacked

---

[1] These were Petitioner's second convictions of these crimes.  His first convictions were overturned on appeal.  *See Henley v. State*, 576 S.W.2d 66 (Tex. Ct. Crim. App. 1978).  Originally, Petitioner was sentenced to 99 years' imprisonment for each murder.  (Doc. No. 13-1, p. 37.)  His sentences after retrial were for concurrent life terms.

jurisdiction to try him because the indictment was allegedly not filed prior to trial. *Id.* at 9-10. He further alleged that the indictment was faulty and resulted in an *ex post facto* application of law. *Id.* at 11-12. Petitioner also alleged that the sentence was unlawful and void because the "cumulation order" was not authorized by law. *Id.* at 13-14. Petitioner's fourth asserted ground was that the Court of Appeals allegedly had no jurisdiction to rule on the merits of Petitioner's appeal "because there was no final judgment and [the] sentence is unlawful." *Id.* at 15-16. Petitioner also alleged that his counsel was ineffective. *Id.* at 17-18. The Texas Court of Criminal Appeals dismissed Petitioner's habeas action without a written order on August 4, 2019. (Doc. No. 13-2.)

On April 9, 2021, Petitioner filed another state habeas action, again challenging his convictions. (Doc. No. 13-32, pp. 12-45.)[2] This time, Petitioner argued that he was being unlawfully held because, allegedly, he was being held pursuant to section 19.03 of the Texas Penal Code instead of the murder statute under which he had been convicted. *Id.* at 17-18. He also argued that the harsher sentence that he received upon retrial was "vindictive" and deprived him of due process of law. *Id.* at 19-20. Finally, Petitioner alleged that his appellate counsel had been ineffective. *Id.* at 21-22. The Texas Court of Criminal Appeals dismissed Petitioner's action without a written order on May 6, 2021. (Doc. No. 13-33.)

### 2. Petitioner's current § 2254 action.

Petitioner filed this § 2254 action on or about May 13, 2022. (Doc. No. 1.) This was the date on which Petitioner's action was accepted for mailing by the United States Postal Service. *See* Doc. No. 1-1 (bearing a "date accepted" of May 13, 2022). The petition itself bears a

---

[2] Petitioner falsely answered "no" when asked whether he had previously filed a state habeas application. *See id.* at 14.

signature date of April 19, 2022, but on the signature page, Petitioner lined through the language in his certification regarding the date on which he placed his petition in the prison mailing system. The resulting certification is that Petitioner declared that the information in his petition was true and correct; there is no certification that Petitioner placed his petition in the prison mailing system on that date. *See* Doc. No. 1, p. 10. Petitioner's action was received and filed by the Clerk of Court on May 16, 2022. *See* Doc. No. 1.

In his action, Petitioner alleges three grounds for relief. In Ground One, Petitioner asserts that he is being held pursuant to a section of the Texas Penal Code for which he was not convicted. (Doc. No. 1, p. 6; Doc. No. 2, pp. 2-5.) In Ground Two, he alleges that his harsher sentence upon retrial (life versus 99 years) is unconstitutional. (Doc. No. 1, p. 6; Doc. No. 2, pp. 5-7.) In Ground Three, he argues that his appellate counsel was constitutionally ineffective for allowing Petitioner to receive a harsher sentence upon retrial. (Doc. No. 1, p. 7; Doc. No. 2, pp. 7-9.) Petitioner seeks release from confinement as relief pursuant to Ground One. He demands a new sentencing hearing as relief pursuant to Ground Two, and a new sentencing hearing or a new appeal as relief pursuant to Ground Three. (Doc. No. 2, p. 10.)

The undersigned ordered service of process. (Doc. No. 6.) Respondent then filed a motion to dismiss, along with certain state court records. (Doc. Nos. 13, 14.) In his motion, Respondent argues that Petitioner's action is time-barred pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), and requests that the Court dismiss the petition with prejudice and deny a certificate of appealability. (Doc. No. 14, pp. 1, 5-11.) Petitioner filed a response to the dismissal motion. (Doc. No. 17.) Further facts necessary to the disposition of this action are set forth in the discussion below.

### C.  Analysis: Petitioner's habeas action is subject to AEDPA and is untimely.

#### 1.  Petitioner's action is subject to AEDPA.

Petitioner's action is subject to AEDPA's provisions.[3]  AEDPA applies to petitions that are filed after April 24, 1996, AEDPA's enactment date.  *See Lindh v. Murphy*, 521 U.S. 320, 323–36 (1997); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998).  Petitioner filed this action on May 13, 2022, challenging his 1979 convictions.  *See* Doc. No. 1.  Thus, because he filed this action after April 24, 1996, AEDPA's provisions apply.

AEDPA prescribes a one-year limitations period for habeas petitions, starting from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitations provision of 28 U.S.C. § 2244(d)(1)(A) applies, unless a different commencement date is prescribed by subsections (B), (C), or (D).

---

[3]  AEDPA requires exhaustion of a petitioner's claims in state court prior to a federal petition.  28 U.S.C. § 2254(b)(1)(A).  It is not clear whether Petitioner has exhausted his claims in state court, but inquiry into exhaustion is unnecessary in this case, because Petitioner's action is untimely.  *See Holcombe v. Cain*, No. 13-516, 2013 WL 5506142, at *4 (E.D. La. Oct. 1, 2013) (finding it unnecessary to address petitioner's failure to exhaust because the petition was dismissed with prejudice as time-barred).

### 2. *Petitioner's action is untimely under 28 U.S.C. § 2244(d)(1)(A).*

Petitioner was sentenced on July 11, 1979.  *See* Doc. No. 13-32, pp. 9-11.  The appellate court affirmed Petitioner's convictions on September 16, 1982, and the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on December 22, 1982.  *See Henley v. State*, 644 S.W.2d at 950.  Petitioner apparently did not seek certiorari to the United States Supreme Court, so his conviction became final when the period for a certiorari petition expires: 90 days after the Court of Criminal Appeals refused his petition for discretionary review – that is, March 22, 1983.  *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003); Sup. Ct. R. 13.1; Fed. R. Civ. P. 6(a)(1).

Because Petitioner's conviction became final on March 22, 1983, before AEDPA was enacted, his § 2244(d)(1)(A) limitations clock began to run on the day of AEDPA's enactment, April 24, 1996.  *United States v. Flores*, 135 F.3d 1000, 1002-05 (5th Cir. 1998) (holding that AEDPA does not apply retroactively to extinguish claims that were technically time-barred before AEDPA's effective date).  Thus, the last day for Petitioner to timely file this federal habeas action was April 24, 1997.  *See Flanagan v. Johnson*, 154 F.3d 196, 199-202 (5th Cir. 1998).  Petitioner filed this § 2254 action on May 13, 2022.  (Doc. No. 1.)  This is far more than one year after April 24, 1997.

Thus, unless one of § 2244(d)(1)'s other provisions prescribed a later start date to the limitations clock, or unless statutory or equitable tolling paused the running of the limitations clock, Petitioner's action is untimely.

### 3.  28 U.S.C. §§ 2244(d)(1)(B)-(D) do not prescribe a different start date for Petitioner's limitations period.

As noted, the limitations provision of 28 U.S.C. § 2244(d)(1)(A) applies, unless a later commencement date is prescribed by subsections (B), (C), or (D).  Subsections (B), (C), and (D) of 28 U.S.C. § 2244(d)(1) do not apply to Petitioner's case.  First, Petitioner neither alleges nor demonstrates the presence of any state-created impediment to his filing of his federal petition. *See* 28 U.S.C. § 2244(d)(1)(B).  Nor does Petitioner assert any constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.  *See id*. § 2244(d)(1)(C).

Subsection (D) delays the commencement of the one-year AEDPA limitations period until the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(D).  As one district court has explained, "under [§ 2244(d)(1)(D)], the statute of limitations runs not from when the factual predicate was in fact discovered, but rather from the point in time at which it 'could have been discovered through the exercise of due diligence.'"  *Heard v. Cain*, No. 06-3207, 2007 WL 763691, at *3 (E.D. La. Mar. 9, 2007) (emphasis deleted).  Petitioner bears the burden of demonstrating his due diligence.  *See Matthews v. Louisiana*, No. 18-589-BAJ-EWD, 2021 WL 4484991, at *3 & n.25 (M.D. La. Aug. 18, 2021).

First, Petitioner was aware of Grounds Two and Three of this federal habeas action years before filing this petition and litigated them.  Both of those grounds – challenges to a purportedly vindictive sentence on remand and the purported ineffective assistance of counsel – were contained in Petitioner's 2019 state habeas petition.

Nor does Petitioner's Ground One qualify for a delayed start to the limitations period under subsection (D). Petitioner alleges that he became aware of the basis for Ground One on June 27, 2019, when Lara Burson, TDCJ's Chairman of Classification and Records, informed him that his time credit calculation was correct in the record and his request for correction of time credited was denied. *See* Doc. No. 2, pp. 4-5; Doc. No. 13-32, p. 38. Despite discovering this alleged wrong in June 2019, Petitioner did not raise the ground in any state habeas application until April 9, 2021, and he did not file this federal action until May 13, 2022. Additionally, Petitioner does not demonstrate that he could not have discovered the factual predicate for Ground One sooner, by filing the request for time correction at some point before 2019. Indeed, Petitioner did not seek that information until April 9, 2019, 40 years after he was convicted and sentenced. *See* Doc. No. 13-32, p. 38 (reflecting filing date of Petitioner's request). Even taking Petitioner's assertions as true, Petitioner's action would still be late under 28 U.S.C. § 2244(d)(1)(D), because the one-year limitations period would have started from the date in June 2019 when the final certification decision was issued to him: he did not file his state habeas petition until April 2021, and he did not file his federal habeas petition until May 2022.

Petitioner has made no other effort to establish the date on which he could have discovered the factual predicate of his claim with the exercise of due diligence. This is fatal, because Petitioner bears the burden of demonstrating that this federal habeas action is timely; in other words, he must show why he was unable to discover the factual predicate at an earlier date. *See Harry v. Day*, No. 21-1269, 2022 WL 821679, at *8 (E.D. La. Feb. 16, 2022), *adopted*, 2022 WL 815272 (E.D. La. Mar. 17, 2022) (citing *Matthews*, 2021 WL 4484991, at *3). Because Petitioner fails to establish why he could not have discovered this factual information sooner, he fails to establish due diligence.

Accordingly, the limitations provision of 28 U.S.C. § 2244(d)(1)(D) does not apply in Petitioner's case, either.  Under the one-year limitations period of 28 U.S.C. § 2244(d)(1)(A), then, Petitioner's action is untimely.

### 4.  *Statutory tolling did not pause Petitioner's limitations period.*

AEDPA's limitations period is tolled during the time a petitioner properly files a state post-conviction writ review.  28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  This statutory tolling provision does not apply in Petitioner's case, because he filed both of his state habeas applications after the AEDPA limitations period had already expired.

As discussed above, AEDPA's limitations period began to run on April 24, 1996.  Thus, unless AEDPA's limitations period was tolled by a properly filed state post-conviction application, *see* 28 U.S.C. § 2244(d)(2), the last day for Petitioner to timely file this federal habeas action was April 24, 1997.

Petitioner did not toll AEDPA's limitations period by filing a request for state post-conviction relief.  Petitioner did file a state habeas petition, but not until 2019 (for his first state petition).  This filing occurred long after the April 24, 1997 federal filing deadline, and so it could not have tolled AEDPA's one-year limitations clock.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application did not toll the § 2244(d) limitation period where the state application "was not filed until after the period of limitation had expired").  Because Petitioner filed his first state habeas action after the expiration of the federal limitations period, no statutory tolling applies in this federal habeas action.

### *5. Equitable tolling is not warranted in this case.*

AEDPA's one-year statute of limitations is not a jurisdictional bar; it may be tolled in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (citations omitted). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *Id.* at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). At the same time, however, the "diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Palacios v. Stephens*, 723 F.3d 600, 604-05 (5th Cir. 2013) (quoting *Holland*, 560 U.S at 653).

The showing of extraordinary circumstances "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490-91 (5th Cir. 2022) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (*per curiam*)). The Fifth Circuit has explained that extraordinary circumstances could exist where a plaintiff is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Flores v. Quarterman*, 467 F.3d 484, 487 (5th Cir. 2006) (citations omitted); *see also Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019). By contrast, "unexplained delays do not evince due diligence or rare and extraordinary circumstances." *Delarosa v. Dir., TDCJ-CID*, No. 3:21-CV-2414-D-BK, 2022 WL 850041, at *2 (N.D. Tex. Feb. 22, 2022), *adopted*, No. 3:21-CV-2414-D, 2022 WL 847216 (N.D. Tex. Mar. 22, 2022) (citing *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999)). Indeed,

"equity is not intended for those who sleep on their rights." *Fisher*, 174 F.3d at 715 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

Here, Petitioner fails to identify any rare or extraordinary circumstance that prevented him from timely filing his petition. No evidence indicates that the State somehow misled Petitioner about the time limitation for filing his federal habeas action, or that some external factor beyond Petitioner's control resulted in his failure to timely file this action. Further, Petitioner did not diligently pursue the filing of this federal action. Again, Petitioner's federal habeas filing deadline expired on April 24, 1997, and Petitioner did not file his first state habeas petition until 2019. Even if the Court accepted Petitioner's assertion that he was not aware of the facts underlying his Ground One assertion until June 2019, Petitioner still did not file his first state habeas until April 2021, almost two years later. *Cf. Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009) (observing that a petitioner must demonstrate that he or she pursued the habeas petition "with diligence and alacrity both before and after receiving notification" of state court proceedings). Also, viewing the timeline broadly, almost 22 years passed from the expiration of the AEDPA limitations period to Petitioner's filing of his first habeas action, and nearly 25 years passed before his filing of this federal § 2254 petition. These timelines demonstrate a clear lack of due diligence.

Additionally, Petitioner cannot successfully rely on his *pro se* status and unfamiliarity with the law to provide a basis for equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding pro se is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."). Indeed, "neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling." *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002)). For these reasons, the Court

concludes that Petitioner has failed to demonstrate diligence or rare and extraordinary
circumstances.  Accordingly, Petitioner is not entitled to equitable tolling of the limitations
period.

>    ### D.  Petitioner's response to the dismissal motion.

In his response to Respondent's motion to dismiss, Petitioner raises a number of
additional arguments.  *See* Doc. No. 17.  His contentions in that response lack merit.

First, Petitioner reiterates his belief that the State "abandoned finality" with regard to his
convictions.  (Doc. No. 17, p. 3.)  Petitioner explains that the State chose to cease confining him
under the prior version of Texas' murder statute and begin holding him under section 19.03 of
the Texas Penal Code, the capital murder statute.  *Id*. at 3-4.  Petitioner reasons this is so because
of TDCJ's decision regarding the classification of Petitioner's offense when Petitioner sought a
correction to the time credited toward completion of his sentence.  *See* Doc. No. 13-32, p. 38.
The TDCJ response to Petitioner stated, "[A]ll your offenses are correct as is, (19.03) is used for
that offense description based on offense dates (pre-65th) 1972, 1973."  *Id.*  In Petitioner's view,
this notification signified that the State had abandoned the finality of Petitioner's convictions
under the old Texas murder statute and unilaterally converted them into convictions under
section 19.03 of the Texas Penal Code.  *See* Doc. No. 17, pp. 5-6.  This, Petitioner claims,
violated his constitutional rights, because Petitioner was never indicted or tried under that new
statute, which was enacted in 1974, after Petitioner committed his crimes.  *See* Doc. No. 17, pp.
3-6.  Petitioner deduces that because his purported conviction under the new statute is void
(because he was never convicted under the new statute), it never became final, and so this action
is timely.

Petitioner's argument sails well wide of the mark.  Simply put, Petitioner is being held pursuant to his 1979 judgment of conviction, not pursuant to any later-recodified Texas statute. The State has not "abandoned finality" with regard to Petitioner's 1979 conviction, because the finality of a criminal judgment, once attained, is not susceptible to unilateral abandonment by a party.  Finality cannot be "abandoned" by either the State or by a criminal defendant.  *Cf. Calderon v. Thompson*, 523 U.S. 538, 555 (1998) ("Finality is essential to both the retributive and the deterrent functions of criminal law.")  Petitioner's original criminal judgment is just as final (and just as valid) today as it was in 1983 when his deadline for seeking certiorari expired.

Relatedly, Petitioner also insists that his filing should not be barred as untimely by § 2244(d) because, as he puts it, he "believed judgement final until the state changed the nature of the sentence imposed in judgement.  An application for Writ of Habeas Corpus was timely filed after the state action altering judgement."  (Doc. No. 1, p. 9.)  To be clear, Petitioner's § 2254 action challenges his underlying criminal convictions, not TDCJ's calculation of the remaining time on his sentence.  TDCJ's answer to Petitioner's time recalculation request is, as Petitioner concedes (Doc. No. 17, pp. 3-4), the rendering of an administrative determination by an executive agency.  *See* Doc. No. 13-32, p. 38.  TDCJ's answer to that request is not a new conviction for a different offense under a different statute: it does not confer the opportunity for a fresh habeas challenge to Petitioner's underlying convictions, nor does it restart or rewind Petitioner's timeliness clock with respect to those convictions.

Even if the State could somehow "abandon finality," Petitioner's § 2254 action is still late.  Petitioner did not seek state habeas relief based on the administrative determination until April 9, 2021.  (Doc. No. 13-32, pp. 12-45.)  This is well beyond the one-year limitations period that would have applied to a challenge to the June 27, 2019 TDCJ administrative decision (Doc.

No. 13-32, p. 38), even if that decision could somehow be construed as a new conviction. Petitioner's action is therefore untimely even if finality was "abandoned."

With regard to Grounds Two and Three of this § 2254 action, Petitioner argues essentially that his claims are substantively correct. Petitioner does not further attempt to rebut Respondent's contention that his action is untimely, except to assert that the judgments of conviction are void. (Doc. No. 17, p. 6.) This is not a valid rebuttal to a limitations defense in a federal habeas proceeding – there is no "void judgment exception" to 28 U.S.C. § 2244(d)(1)'s timeliness rules. *See Boone v. Davis*, No. 4:18-cv-009-O, 2019 WL 10599642, at *3 (N.D. Tex. Jan. 28, 2019) (collecting cases and stating: "the concept of attacking void judgments at any time is a state-law matter and is not an exception to the federal statute of limitations").[4]

Finally, Petitioner argues that Federal Rule of Civil Procedure 60(b)(4) provides relief from void judgments. (Doc. No. 17, p. 6.) That rule, however, applies only with regard to federal judgments, not to decisions made by state courts in state proceedings. *Cf. Storey v. Lumpkin*, 8 F.4th 382, 388-89 (5th Cir. 2021) (affirming district court's dismissal of Rule 60(b) motion challenging state court's resolution of state habeas ruling).

### E. Conclusion.

For the reasons explained above, the undersigned concludes that Petitioner's habeas application is untimely under AEDPA. Petitioner cannot rely on any of § 2241(d)'s provisions to extend or toll the statutory period. And although AEDPA's one-year statute of limitations is not

---

[4] Texas law does have a "void judgment exception," but that exception applies only to prisoners challenging orders revoking their release on community supervision. *See Barnes v. Stephens,* No. H-13-02154, 2013 WL 4401434, at *3 (S.D. Tex. Aug. 15, 2013) (Atlas, J.) (citing *Miller v. Director, TDCJ-CID*, 2012 WL 3061429, at *5 (E.D. Tex. 2012)); *see also Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001). Here, Petitioner was convicted of six murders and was not placed on community supervision. Therefore, the void judgment exception contemplated in *Nix* does not apply.

a jurisdictional bar and may be equitably tolled in "rare and exceptional circumstances," Petitioner has failed to establish the presence of such circumstances.  *See Davis*, 158 F.3d at 811. For these reasons, the Court concludes that Petitioner's action is time-barred and must be dismissed.

### F.  *No certificate of appealability should issue.*

An appeal may not be taken to the court of appeals from a final order in a habeas proceeding unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  A certificate of appealability "may issue … only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This determination requires an overview of the claims in the petition and a general assessment of their merits.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  The district court may deny a certificate of appealability without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Here, the undersigned recommends that Petitioner's habeas action be dismissed on procedural grounds.  To qualify for a certificate of appealability, then, Petitioner would need to show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only."  *Mitchel v. Texas*, No. 4:20-CV-1274-Y, 2021 WL 639953, at *1 (N.D. Tex. Jan. 12, 2021).  Reasonable jurists would not find it

debatable that the Court was correct in its procedural rulings: the statute of limitations has clearly expired. Therefore, the undersigned recommends DENIAL of a certificate of appealability.

### G. Recommendation.

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss (Doc. No. 14) be **GRANTED**, that Petitioner's 28 U.S.C. § 2254 habeas petition be **DENIED**, and that the case be **DISMISSED** with prejudice as time-barred. The undersigned further recommends that Petitioner be **DENIED** a certificate of appealability.

### H. Notice.

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on November 12, 2022.

MITCHEL NEUROCK
United States Magistrate Judge