Case 2:22-cv-00111 Document 24 Filed on 01/31/23 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELMER WAYNE HENLEY, JR., | § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. 2:22-CV-00111 |
| | § § | |
| BOBBY LUMPKIN, | § § | |
| Defendant. | § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 19). The M&R recommends that the Court:

(1) Grant Respondent's motion to dismiss, (D.E. 14);

(2) Deny Petitioner's 28 U.S.C. § 2254 habeas petition, (D.E. 1);

(3) Dismiss this case with prejudice as time-barred; and

(4) Deny a certificate of appealability.

(D.E. 19, p. 16). Plaintiff filed written objections to the M&R. (D.E. 23).[1]

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per

---

[1] Petitioner's objections were due December 16, 2022. *See* (D.E. 22). Although they were not filed in the Court's docketing system until December 22, 2022, *see* (D.E. 23), a document is deemed timely filed by a pro se inmate when it is delivered to prison authorities for mailing, postage pre-paid, *see Houston v. Lack*, 487 U.S. 266, 276 (1988). Petitioner's objections certify that Petitioner placed them "in the United States mail, postage prepaid," on December 15, 2022. (D.E. 23, p. 9). As such, Petitioner's objections were timely filed, and the Court must consider them.

curiam).

Petitioner objects to the M&R's recommendation that his petition be dismissed as time-barred and that a certificate of appealability be denied. (D.E. 23, p. 1). In support of his objection, Petitioner largely reiterates arguments he posed prior to the M&R's issuance. *See id.* Additionally, Petitioner argues that time-bars on habeas petitions are a form of suspension of the writ of habeas corpus and are thus unconstitutional. *See id.* at 7–8 ("Time-bar is a form of suspension [of the writ of habeas corpus], yet we are not in the midst of rebellion nor invasion, therefore, such suspension does not meet constitutional standards.") (referencing the Suspension Clause at U.S. CONST. art. I, § 9, cl. 2).

As the M&R states, Petitioner's § 2254 petition is time-barred under 28 U.S.C. § 2244(d)(1)(A) and is not subject to equitable tolling. *See* (D.E. 19, p. 6–12). The Fifth Circuit has held that § 2244(d)(1)(A) is not an unconstitutional suspension of the writ of habeas corpus. *See, e.g., Boone v. United States*, 304 F. App'x 276, 276 (5th Cir. 2008) ("The limitations period found in § 2244(d) does not unconstitutionally suspend the writ."); *Turner v. Johnson*, 177 F.3d 309, 392–93 (5th Cir. 1999) (finding § 2244(d) constitutional); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) ("The 1-year limitations period of the AEDPA does not violate the Suspension Clause unless it renders the habeas remedy inadequate or ineffective to test the legality of detention.") (internal quotations omitted).[2] As such, Petitioner's time-bar argument fails. *See* (D.E. 23, p. 7–8).

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections,

---

[2] Petitioner fails to show how the limitations period would render the habeas remedy inadequate or ineffective to test the legality of his detention. *See Molo*, 207 F.3d at 775; *Turner*, 177 F.3d at 392–93.

(D.E. 23), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 19). Accordingly:

(1) Respondent's motion to dismiss is **GRANTED**. (D.E. 14).

(2) Petitioner's 28 U.S.C. § 2254 petition is **DENIED.** (D.E. 1).

(3) Petitioner's action is **DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d). (D.E. 1).

(4) Petitioner is **DENIED** a certificate of appealability.

A final judgment will be entered separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
January 31, 2023